IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-00159-BO

| | |
|---|---|
| SANDY ST. PIERRE MAY,<br><br>    Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | **ORDER** |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings [D.E. 25, 26]. For the reasons detailed below, defendant's motion is GRANTED and plaintiff's motion is DENIED. The decision of the Commissioner is AFFIRMED.

## BACKGROUND

Plaintiff filed an application for disability insurance benefits February 14, 2011, alleging a disability beginning on October 1, 2007, subsequently amended to March 9, 2010. The claim was denied initially and upon reconsideration. A hearing was held before an Administrative Law Judge ("ALJ") on October 2, 2013. In a decision dated January 14, 2014, the ALJ found that plaintiff was not disabled from her amended onset date, March 9, 2010, through her date last insured, September 30, 2011. Tr. 127–37. The Appeals Council denied plaintiff's request for review on March 13, 2015, rendering the ALJ's decision the final decision of the Commissioner. *Id.* at 1–6. Plaintiff commenced this action and filed a complaint pursuant to 42 U.S.C. 405(g) on April 14, 2015. [D.E. 6].

## MEDICAL HISTORY

Plaintiff 's medical history includes sacroiliac joint fusion, spine disorder, anxiety, and depression. Treatment records also note possible bipolar disorder and difficulties with sleep and concentration. In December 2010, plaintiff was treated in the Emergency Department for bilateral hip pain and left side pain that radiated down her leg. She was diagnosed with sciatica and discharged with medications in good condition. The following month, she complained of trouble sleeping and low back pain. Dr. Michelle Beckham, her primary care physician, adjusted her medications. Plaintiff saw Dr. Beckham in October 2011 for back and hip pain, and complained that she had difficulty walking. Providers have recommended that plaintiff have physical therapy. She continued to treat her back and hip pain with medications and, occasionally, injections. Plaintiff reported worsening of her depression and anxiety in June 2013, for which she was prescribed medication and directed to follow-up with Dr. Beckham.

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the district court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In making a disability determination, the ALJ engages in a five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). The analysis

requires the ALJ to consider the following enumerated factors sequentially. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments. *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is listed in the Listing of Impairments or if it is equivalent to a listed impairment, disability is conclusively presumed. However, if the claimant's impairment does not meet or equal a listed impairment then, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and RFC can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

After finding that the plaintiff had not engaged in any substantial gainful activity since her alleged onset date at step one, the ALJ determined that plaintiff's conditions of spine disorder, migraine headaches, obesity, and dysthymia were severe impairments at step two. Tr. at 129. The ALJ then found that plaintiff did not have an impairment or combination of impairments that met or equaled a listing at step three. *Id.* The ALJ determined that the plaintiff had an RFC to perform the light work with the following exceptions: requires a sit/stand option, with a change of position at least once an hour after 55 minutes, and can perform simple, routine, repetitive tasks in a low stress, non-production, stable work environment which involves consistent work activities on a daily basis. *Id.* at 131. At step four, the ALJ found that plaintiff

3

was unable to perform her past relevant work as a transcribing machine operator, medical records clerk, or customer service representative. *Id.* at 136. At step five, the ALJ found that, considering her age, education, work experience and RFC, there were jobs that existed in significant numbers in the national economy that she was capable of performing, including office helper, mail clerk, and photo copy machine operator. *Id.* at 137. Thus, the ALJ found that plaintiff was not disabled as of the date of his decision. *Id.*

Here, plaintiff first argues that the ALJ's RFC assessment is not supported by substantial evidence. Specifically, she contends that the ALJ erred by failing to consider evidence after her date last insured ("DLI") which, she maintains, demonstrates that she had increasing pain in her back and hips and that her anxiety and depressions worsened.

After careful review of the evidence presented, the court finds that the ALJ applied the correct legal standards and his factual findings are supported by substantial evidence. The record clearly demonstrates that the ALJ did, in fact, consider evidence outside of the relevant time period. The ALJ referenced plaintiff's 2002 and 2006 SI joint fusions, her previous migraine treatment in 2005, and her 2007 hospitalization, all of which pre-date her amended onset date. *Id.* at 132–34. The ALJ also discussed evidence after her DLI, including Dr. Beckham's October 2011 and November 2011 treatment notes as well as her September 17, 2013 medical source statement, and the reports of the consulting examiners from October 2011 and June 2012. *Id.* at 132–33, 135. Thus, contrary to plaintiff's contention, the ALJ's decision clearly reflects that he considered evidence outside of the relevant time period.

Moreover, the ALJ considered such evidence in accordance with the requirements announced in *Bird v. Commissioner of Social Security Administration.* 699 F.3d 337 (4th Cir. 2012). "Medical evaluations made after a claimant's insured status has expired are not

4

automatically barred from consideration and may be relevant to prove a disability arising before the claimant's DLI [date last insured]." *Bird*, 699 F.3d at 340. However, not all post-DLI evidence is relevant. Rather, post-DLI medical evidence is relevant, and therefore entitled to retrospective consideration, only where "that evidence permits an inference of linkage with the claimant's pre-DLI condition." *Bird*, 699 F.3d at 341.

The medical evidence identified by plaintiff does not permit such an inference. First, records from the June 2013 hospital visit for anxiety and panic attacks reflect that plaintiff reported her symptoms started that day. Therefore, her mental health condition at this time cannot be said to relate to her condition almost two years earlier. These hospital record also reveal that plaintiff reported no back pain, that examination showed normal back, upper extremities, and lower extremities, that she appeared well and had normal affect, and that her depression, chronic back pain, bipolar disorder, and migraines were all noted to have "resolved." Tr. at 843–46. Therefore, even if this treatment record provided an inference of plaintiff's condition during the relevant time period, it does not undermine the ALJ's finding that she was capable of a reduced range of light work.

The September 2013 medical source statement by Dr. Beckham also does not permit an inference to plaintiff's condition during the relevant period. The ALJ discussed this evidence and noted that it was made almost two years after the DLI. *Id.* at 135. Dr. Beckham's statement uses present tense language to describe plaintiff's anxiety condition on that date. Nothing in the statement allows an inference to be drawn to plaintiff's condition almost two years earlier.

Moreover, Dr. Beckham's opinions are inconsistent with other evidence. Dr. Beckham opined that plaintiff has marked difficulties in activities of daily living, social functioning and maintaining concentration, persistence, and pace. However, the ALJ found that plaintiff: had

5

only mild limitations in activities of daily living, noting she could care for personal needs, cook, and clean; was only moderately limited in social functioning, because although she did not like to be around crowds, she had some friends and got along with family members; and was only moderately limited in maintaining concentration, persistence, and pace, finding that while she testified to difficulties with short-term memory and concentration, mental status exams showed intact attention, concentration, and recent and remote memory, as well as fair judgment and insight. *Id.* at 130. Accordingly, the ALJ did not err in assigning no weight to Dr. Beckham's medical source statement.

Plaintiff also argues that the ALJ failed to properly evaluate her credibility. An ALJ's credibility determination is generally entitled to great deference. *Shively v. Heckler*, 739 F.2d 987, 989-90 (4th Cir. 1984). Here, the ALJ's credibility determination is also supported by substantial evidence. The ALJ determined that plaintiff's subjective complaints of pain were inconsistent with her the evidence of record. The severity of impairment she alleged was belied by the medical record which demonstrated that there were instances when she declined treatment, she failed to seek treatment for migraines from a specialist who successfully treated her condition in the past, she visited the ER in December 2010 but then went several months without pursuing additional care, and she did not seek treatment, such as counseling or psychiatric care, for her mental health issues. The ALJ's determination that plaintiff was not fully credible is also supported by the findings of Drs. Bruno, Williams, Jessup, and Clayton, all of whom found plaintiff to be only partially credible.

The ALJ's decision reflects a well-reasoned assessment of plaintiff's credibility made in accordance with the regulatory framework and based upon the ALJ's consideration of the entire record, including the objective medical evidence, plaintiff's own statements about her symptoms,

information provided by medical sources and others about plaintiff's symptoms, as well as plaintiff's work history. *See* SSR 96–7p, 1996 WL 374186 (July 2, 1996) (requiring credibility assessments be based upon the entire record and contain specific reasons for the ALJ's credibility findings). Given the evidence of record, it would be improper for this court to second-guess the credibility determination made by the ALJ.

## **CONCLUSION**

The court finds that the Commissioner's decision in this case is supported by substantial evidence in the record and was reached upon application of the correct legal standard. For the foregoing reasons, defendant's motion is GRANTED and plaintiff's motion is DENIED. The decision of the Commissioner is AFFIRMED.

SO ORDERED.

This ___1___ day of March, 2016.

                                                     *[signature]*
                                             TERRENCE W. BOYLE
                                             UNITED STATES DISTRICT JUDGE